■ LAWRENCE D. RAN, Appellant, v. WILLIAM STRUNA, Also Known as " SKIP " STRUNA, Previously Designated as ROBERT STRUNA, Respondent. Order, Supreme Court, New York County, entered June 14, 1974, providing for an additional undertaking in the sum of $40,000 in connection with an attachment, unanimously modified, on the law and the facts, to reduce the increase to an additional $10,000, and otherwise affirmed, without costs and without disbursements. The parties are engaged in a dispute with respect to an arrangement under which, among other things, the defendant acquired from the plaintiff a painting by Louise Moillon for $1,500. Plaintiff alleging fraud in the arrangement, brought this action to rescind the sale, and an order of attachment was obtained for the Moillon painting. In that connection, plaintiff provided two undertakings for a total of $10,400, of which one half was to secure the defendant's costs and legal fees, and the other half for the Sheriff's fees. The painting has been sold at auction for $120,000, with the net proceeds of the sale being $103,846.30, which funds are now in an interest-bearing account, and the interest will be paid to the party ultimately entitled to the attached funds. With respect thereto, the plaintiff has offered to stipulate with the defendant to invest the funds at a more advantageous rate of interest. Nonetheless, because of the large amount involved, the defendant has sought from the plaintiff a further undertaking, and the Court at Special Term granted an additional $40,000. Inasmuch as the proceeds from the sale of the painting are available, it is the plaintiff's contention that no additional undertaking should be required. However, the defendant contends that it has been wrongfully deprived of the use of the funds, with consequent special damages. Without passing on the merits of defendant's damage claim (cf. *Subin* v. *United States Fid. & Guar. Co.*, 12 A D 2d 49), in view of the amount of the earlier required undertaking based on a much smaller evaluation, it seems reasonable to require an additional sum of $10,000. However, the further sum of $40,000 ordered by Special Term seems excessive under the circumstances. Concur — Nunez, J. P., Kupferman, Murphy, Lupiano and Tilzer, JJ.